UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 25-cv-21495-WILLIAMS/GOODMAN

ADIDAS AG, *et al.*,

    Plaintiffs,

v.

THE INDIVIDUALS, BUSINESS ENTITIES,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

**REPORT AND RECOMMENDATIONS ON PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION**

adidas AG, adidas International Marketing B.V., and adidas America, Inc. (collectively, "Plaintiffs" or "adidas") filed an *Ex Parte* Application for Entry of a Temporary Restraining Order and Preliminary Injunction against the Individuals, Business Entities, and Unincorporated Associations identified on Schedule "A" (collectively "Defendants"). [ECF No. 6 ("Motion")].[1] United States District Judge Kathleen M. Williams referred "all discovery disputes and non-dispositive pretrial motions" to me. [ECF No. 8].

---

[1]    There are 144 Defendants total. [ECF No. 6, pp. 20–23]. Plaintiffs attached their Schedule "A" list to the Motion. *Id.* The list includes each Defendant's domain name.

Judge Williams previously adopted the Undersigned's Report and Recommendations and granted Plaintiffs' request for a temporary restraining order. [ECF Nos. 11; 16]. However, Plaintiffs' request for a preliminary injunction remained.

The Undersigned held a Zoom hearing on Plaintiffs' request for a preliminary injunction on April 18, 2025. [ECF No. 24]. Although the preliminary injunction hearing was set as a Zoom hearing, in a subsequent Order [ECF No. 30], the Court required Plaintiffs' counsel to appear in person but permitted Defendants to appear via Zoom. Aside from myself and Court staff, only Plaintiffs' counsel appeared.

For the reasons set forth below, the Undersigned **respectfully recommends** that the Court **grant** this Motion.

I.      FACTUAL BACKGROUND

This is a trademark infringement case in which Plaintiffs allege that Defendants, through their individual online-based seller stores, are advertising, promoting, offering for sale, or selling goods using or bearing what Plaintiffs have determined to be infringements of their registered trademarks ("adidas Marks").

Plaintiffs' Amended Complaint includes four counts: (1) trademark counterfeiting and infringement pursuant to § 32 of the Lanham Act (15 U.S.C. § 1114); (2) false designation of origin pursuant to § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); (3)

common law unfair competition; and (4) common law trademark infringement. [ECF No. 23].[2]

Plaintiffs are business entities engaged in manufacturing and distributing athletic footwear, apparel, and sporting equipment bearing the adidas Marks. [ECF No. 23, ¶¶ 4–6, 17]. Plaintiffs registered various trademarks to protect their brand. *Id.* at ¶ 18.[3] The adidas Marks are used in conjunction with the design, manufacture, and distribution of quality goods[.]" *Id.*

Plaintiffs discovered that Defendants "directly engage in unfair competition with Plaintiffs by advertising, offering for sale and/or selling goods each using counterfeits and infringements of one or more of Plaintiffs' trademarks to consumers within the United States and this district through at least the commercial Internet websites using the Subject Domain Names[.]" *Id.* at ¶ 13; *see also* [ECF No. 6-1, ¶ 13 ("[Plaintiffs] learned Defendants are promoting, advertising, offering for sale and/or selling goods using counterfeit and infringing trademarks which are exact copies of one or more of the adidas Marks, without authorization, via at least the commercial Internet websites operating under their domain names set forth on Schedule 'A'[.]").

---

[2]    The Amended Complaint [ECF No. 23] contains a scrivener's error. It skips from Count II to Count IV, inadvertently omitting Count III. This error appears to be limited to the sequential numbering of the counts and not the substance of the counts.

[3]    Copies of Plaintiffs' Certificates of Registration for the adidas Marks are attached to the Amended Complaint. [ECF No. 23-1].

As part of an investigation into Defendants, Plaintiffs' law firm accessed all of Defendants' e-commerce stores. [ECF No. 6-2, ¶ 2]. "The websites are fully interactive and allow users to browse the online stores for products bearing Plaintiffs' trademarks, add products to the online shopping carts, proceed to a point of checkout, and otherwise actively exchange data electronically." *Id*.[4]

According to Plaintiffs, Defendants' actions have irreparably damaged them:

> Among other things, Defendants (1) deprive Plaintiffs of their rights to determine the manner in which their trademarks are presented to the public through merchandising; (2) defraud the public into thinking Defendants' goods are valuable, authorized goods of Plaintiffs; (3) deceive the public as to Plaintiffs' sponsorship of and/or association with their goods and the websites through which such goods are marketed and sold; and (4) wrongfully trade and capitalize on Plaintiffs' reputations and goodwill and the commercial value of Plaintiffs' trademarks.

[ECF No. 6, p. 2]. Consequently, Plaintiffs brought this action against Defendants [ECF Nos. 1; 23] and thereafter filed this Motion [ECF No. 6]. Plaintiffs also filed declarations in support of their Motion from: (1) their Legal Counsel for Brand Protection in North America, Amanda Luz, and (2) their attorney, Virgilio Gigante. [ECF Nos. 6-1; 6-2].

On March 31, 2025, Plaintiffs filed their Complaint [ECF No. 1], and thereafter their Amended Complaint [ECF No. 23] on April 15, 2025 against Defendants alleging: trademark counterfeiting and infringement; false designation of origin; common law unfair competition; and common law trademark infringement. On April 2, 2025, Plaintiffs

---

[4] Plaintiffs included screenshots [ECF No. 6-3] of the types of counterfeited goods offered for sale by Defendants. *See also* [ECF No. 6-6 (chart)].

filed an *ex parte* motion for entry of a temporary restraining order and preliminary injunction. [ECF No. 6]. The District Court referred these matters to the Undersigned. [ECF No. 8].

On April 4, 2025, the Undersigned entered a Report and Recommendations recommending that the District Court grant Plaintiffs' motion for a temporary restraining. [ECF No. 11]. On April 11, 2025, the District Court adopted the Report and Recommendations. [ECF No. 16]. The Order set a preliminary injunction hearing before the Undersigned for April 18, 2025. *Id.*

Pursuant to the District Court's April 11, 2025 Order [ECF No. 16], Plaintiffs properly served Defendants with a copy of the Complaint [ECF No. 1], the Amended Complaint [ECF No. 26], the *Ex Parte* Application for Entry of a Temporary Restraining Order [ECF No. 6], the Report and Recommendations on Plaintiffs' Motion [ECF No. 11], and the Court's April 11, 2025 Order [ECF No. 16] by e-mail to each Defendant's e-mail account(s) and/or online contact form, and by posting copies of those same documents and materials on the website located at http://servingnotice.com/Ds42a1m/index.html,. Thereafter, Certificates of Service were filed confirming service on each Defendant. [ECF Nos. 24-1; 25; 26; 31 (Proof of Service)].

On April 18, 2025, the Undersigned conducted a Zoom videoconference hearing on Plaintiffs' Motion, at which only counsel for Plaintiffs was in attendance. At the hearing, Plaintiffs' counsel represented to the Court that no Defendant (or attorney or

agent for any Defendant) contacted his office, even informally, in connection with the preliminary injunction hearing. Additionally, the record reflects that no Defendant filed an objection or any other submission concerning the Temporary Restraining Order or the requested Preliminary Injunction.

## II.   LEGAL STANDARD AND ANALYSIS

The standard for obtaining a temporary restraining order and a preliminary injunction are the same. *See Emerging Vision, Inc. v. Glachman*, No. 10-cv-80734, 2010 WL 3293346, at *3 (S.D. Fla. June 29, 2010) (citing *Siegel v. LePore*, 120 F. Supp. 2d 1041 (S.D. Fla.), *aff'd*, 234 F.3d 1163 (11th Cir. 2000)). In order to obtain a temporary restraining order or preliminary injunction, a party must demonstrate:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest.

*Schiavo ex. Rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995). A preliminary injunction may only issue after notice to the adverse party. Fed. R. Civ. P. 65(a).

The Lanham Act authorizes the Court to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office[.]" 15 U.S.C. § 1116(a). Generally, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at

6

law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509–10 (S.D. Fla. 1995) (citation omitted).

*Elements for a Preliminary Injunction*

As noted above, Plaintiffs' request must meet four elements:

(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest.

*Schiavo ex. Rel Schindler*, 403 F.3d at 1225–26. Based on Plaintiffs' Motion, their Amended Complaint, and the declarations submitted with the attached exhibits, Plaintiffs have a strong probability of proving at trial that Defendants continuously infringed Plaintiffs' intellectual property, and, that if equitable relief is not granted, then the continued infringement of those works will likely cause Plaintiffs to suffer an immediate and irreparable injury.

The first element Plaintiffs must demonstrate is whether they will have "a substantial likelihood of success on the merits." *Id*. at 1225. "[T]he elements of a claim for trademark infringement occur[ ] when a person 'use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark' which is likely to cause confusion, or to cause mistake, or to deceive.'" *Chanel, Inc. v. Reznik*, No. 07-60493-CIV, 2007 WL 9710719, at *2 (S.D. Fla. Nov. 21, 2007) (quoting *Frehling Enters. v. Int'l Select Grp., Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999)). Thus, to prevail on Count I, Plaintiffs must show

"(1) that its mark has priority and (2) that [ ] [D]efendants' mark is likely to cause consumer confusion." *Id*.

Plaintiffs have sufficiently alleged and established each of these elements: (1) Plaintiffs own the adidas Marks; (2) Defendants are selling, offering for sale, and marketing products with the adidas Marks without Plaintiffs' consent or authorization; and (3) the marks used on the products Defendants are selling, offering for sale, and marketing are identical to the adidas Marks and thus, likely to cause consumer confusion. [ECF Nos. 6-1—6-6; 23 1, ¶¶ 17–34, 42–43]. Based on the Motion, attached declarations, exhibits, and the Amended Complaint, the Undersigned finds that Plaintiffs have established a *prima facie* case of trademark infringement[5] and consequently demonstrated a high likelihood of success on the merits.

"Defendants do not have, nor have they ever had, the right or authority to use the adidas Marks" and "the adidas Marks have never been assigned or licensed to be used on any of the websites operating under the Subject Domain Names." [ECF No. 6-1, ¶ 13]. The screenshot attachments to Plaintiffs' Motion, together with the declarations, show Defendants selling products that look **identical** to the adidas Marks. [ECF Nos. 6-1–6-6].

---

[5]  "A movant need only demonstrate a substantial likelihood of success on one of its claims to obtain a preliminary injunction." *White Cap, L.P. v. Heyden Enters., LLC*, No. 23- 14248-CIV, 2024 WL 3738925, at *3 (S.D. Fla. July 19, 2024), *report and recommendation adopted*, No. 23-14248-CIV, 2024 WL 3861528 (S.D. Fla. Aug. 19, 2024) *(citing Sapphire Consulting Servs. LLC v. Anderson*, 2021 WL 1053276, at *3 (M.D. Fla. Feb. 12, 2021) ("When a plaintiff asserts multiple claims as a basis for a preliminary injunction, the plaintiff 'need only establish a substantial likelihood of success on one claim.'" (citation omitted)).

The next element Plaintiffs must demonstrate is that if the requested relief is not granted, then they will suffer irreparable injury. *Schiavo ex. Rel Schindler*, 403 F.3d at 1225–26. "In order for an injury to be irreparable, it cannot be undone through monetary remedies." *VAS Aero Servs., LLC v. Arroyo*, 860 F. Supp. 2d 1349, 1362 (S.D. Fla. 2012).

Plaintiffs have met this burden. They have demonstrated that Defendants' actions are causing them "individual, concurrent and indivisible harm" by:

> (i) depriving adidas of its right to fairly compete for space online and within search engine results and reducing the visibility of adidas's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the adidas Marks, and/or (iii) increasing adidas's overall cost to market its goods and educate consumers about their brands via the Internet.

[ECF Nos. 6-1, ¶¶ 16–20].

The third element requires that the movant prove that "the threatened injury outweighs the harm the preliminary injunction would cause the other litigant." *Head Kandy, LLC v. McNeill*, No. 23-CV-60345, 2023 WL 6309985, at *16 (S.D. Fla. Sept. 12, 2023), *report and recommendation adopted*, No. 23-CV-60345-RAR, 2023 WL 7318907 (S.D. Fla. Nov. 7, 2023) (quoting *Chavez v. Fla. SP Warden*, 742 F.3d 1267, 1271 (11th Cir. 2014)). Thus, the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

Based on Plaintiffs' likelihood of success on their trademark infringement claim, the balance of harms weighs in favor of granting Plaintiffs a preliminary injunction.

Unless Defendants are enjoined and restrained, Plaintiffs are likely to suffer further injuries that cannot be fully compensated or measured in money. The costs and hardship related to protecting Plaintiffs' trademarks outweighs any potential damage to Defendants. A preliminary injunction would prevent Defendants from publicly using Plaintiffs' trademarks without permission. **That is not a harm.** But, even if it were, this purported "harm" would not outweigh the jurisdiction behind issuing this preliminary injunction.

The final element is whether "the entry of relief would serve the public interest." *Schiavo ex. Rel Schindler*, 403 F.3d at 1226. Here, the imposition of a preliminary injunction would not disserve the public interest because "[t]he public interest **favors** issuance of the temporary restraining order to protect [the] [p]laintiff's trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as [the] plaintiff's genuine goods." *Betty's Best, Inc. v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule 'A'*, No. 1:23-CV-22322-KMW, 2023 WL 6171566, at *3 (S.D. Fla. Sept. 21, 2023) (emphasis added).

The Undersigned finds that Plaintiffs have successfully met each of the necessary elements for a preliminary injunction.

*Bond*

The Undersigned previously recommended [ECF No. 11] that Plaintiffs be required to post a $10,000 bond in connection with the Temporary Restraining Order. The

10

Court agreed [ECF No. 16], and Plaintiffs did in fact post that bond [ECF No. 29]. The Undersigned **respectfully recommends** that the $10,000 bond previously posted also encompass the Preliminary Injunction.[6]

## III.  CONCLUSION

For the reasons outlined above, the Undersigned **respectfully recommends** that the Court **grant** Plaintiffs' Motion for a Preliminary Injunction [ECF No. 6].

Plaintiffs are instructed to provide a copy of this Report and Recommendations to Defendants, file Certificates of Service on CM/ECF once complete, and provide a proposed order adopting this Report and Recommendations to Judge Williams via email (williams@flsd.uscourts.gov) by the conclusion of the objections period below.

## IV.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo*

---

[6]   It is well-established that the amount of security required by [Rule 65(c)] is a matter within the discretion of the trial court, and the court may elect to require no security at all." *TracFone Wireless, Inc. v. Wash.*, 978 F. Supp. 2d 1225, 1235 (M.D. Fla. 2013) (quoting *BellSouth Telecomms., Inc. v. MCImetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005*)). See Chanel, Inc. v. bdlady.com*, No. 20-60568-CIV, 2020 WL 3266567, at *5 (S.D. Fla. Mar. 17, 2020) (requiring the plaintiff to post a $10,000.00 bond based on its evidence of trademark infringement).

determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida, on April 18, 2025.

Jonathan Goodman
CHIEF UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Kathleen M. Williams
All Counsel of Record