UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 25-CV-21495-WILLIAMS/GOODMAN**

ADIDAS AG, *et al.*,

      Plaintiffs,

v.

THE INDIVIDUALS, BUSINESS ENTITIES, AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A,"

      Defendants.

_____/

**REPORT AND RECOMMENDATIONS ON PLAINTIFFS'
<u>MOTION FOR DEFAULT FINAL JUDGMENT</u>**

In this trademark counterfeiting and infringement action, Plaintiffs, adidas AG,

adidas International Marketing B.V., and adidas America, Inc., (collectively, "adidas"

or "Plaintiffs") filed a motion for default judgment against the individuals, business

entities, and unincorporated associations identified on Schedule "A"[1] (collectively

"Defendants"). [ECF No. 46 ("Motion")]. Defendants have not filed a response to

Plaintiffs' Motion (or otherwise participated in this lawsuit), and the response deadline

has now expired.

---

[1]      The Amended Complaint includes a chart listing each Defendant in this case. [ECF
No. 23, pp. 24–27].

United States District Judge Kathleen M. Williams referred this Motion to the Undersigned. [ECF No. 47]. For the reasons discussed below, the Undersigned **respectfully recommends** that the District Court **grant** Plaintiffs' Motion [ECF No. 46].

## I.       Background

Plaintiffs filed a four-count Amended Complaint alleging trademark counterfeiting and infringement pursuant to section 32 of the Lanham Act, 15 U.S.C. § 1114 (Count I); false designation of origin pursuant to section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count II); common law unfair competition (Count III); and common law trademark infringement (Count IV). [ECF No. 23]. Paragraph 18 of the Amended Complaint includes the image of each at-issue trademark (collectively, "adidas Marks" or "Marks"), along with the corresponding registration number, registration date, and a list of products bearing the Marks. [ECF No. 23, ¶ 18].

The Amended Complaint alleges that "Defendants are promoting, selling, offering for sale and/or distributing goods using counterfeits and confusingly similar imitations of [the adidas Marks] within this [D]istrict through various commercial Internet websites operating under the domain names set forth on Schedule 'A' thereto (the 'Subject Domain Names')." *Id*. at 1; *see also id*. at ¶¶ 26–30.

The Amended Complaint further alleges that:

Plaintiffs are suffering irreparable injury because of Defendants' unauthorized and wrongful use of the adidas Marks. If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiffs and the consuming public

will continue to be harmed while Defendants wrongfully earn a substantial
profit.

*Id.* at ¶ 38.

Specifically, Plaintiffs allege that:

8.      Like many other famous trademark owners, Plaintiffs suffer ongoing
daily and sustained violations of their trademark rights at the hands of
counterfeiters and infringers, such as Defendants herein, who wrongfully
reproduce and counterfeit Plaintiffs' trademarks for the twin purposes of[:]
(i) duping and confusing the consuming public and (ii) earning substantial
profits. The natural and intended byproduct of Defendants' combined
actions is the erosion and destruction of the goodwill associated with
Plaintiffs' famous names and associated trademarks, and the destruction of
the legitimate market sector in which they operate.

9.      To combat the indivisible harm caused by the concurrent actions of
Defendants and others engaging in similar conduct, each year Plaintiffs
expend significant monetary and other resources in connection with
trademark enforcement efforts, including legal fees, investigative fees, and
support mechanisms for law enforcement. The exponential growth of
counterfeiting over the Internet has created an environment that require
companies such as Plaintiffs to expend significant resources across a wide
spectrum of efforts to protect both consumers and themselves from the
confusion and erosion of the goodwill embodied in Plaintiffs' brands.

*Id.* at ¶¶ 8–9.

Plaintiffs moved for and obtained an Order permitting them to effectuate service

of process on Defendants through alternate means. [ECF Nos. 7; 12]. Thereafter,

Plaintiffs filed a proof of service indicating that they served Defendants with copies of

the necessary filings, including the Complaint, the civil cover sheet, the summonses, the

Amended Complaint, the *Ex Parte* Motion for Order Authorizing Alternative Service of

Process on Defendants, the Declaration of Virgilio Gigante in Support of *Ex Parte* Motion

for Order Authorizing Alternative Service of Process on Defendants, and the Order granting alternative service of process. [ECF Nos. 31; 31-1; 31-2; 31-3].

Defendants failed to timely respond to the Amended Complaint. [ECF No. 23]. The Clerk issued a Clerk's Default against Defendants. [ECF No. 44]. Plaintiffs now seek the entry of a default judgment in their favor and against Defendants and the entry of a permanent injunction. [ECF No. 46].

## II.   Applicable Legal Standard

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A party may then apply to the District Court for a default final judgment. Fed. R. Civ. P. 55(b)(2); *Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1173 (M.D. Ala. 2008).

A court may not enter a default final judgment based solely on the existence of a clerk's default. *Id.* at 1174. Instead, a court is required to examine the allegations to see if they are well-pleaded and present a sufficient basis to support a default judgment on the causes of action. *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[2] Only those factual allegations that are well-pleaded

---

[2]      In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), our appellate court held that all Fifth Circuit decisions issued by close of business on September 30, 1981 would become binding precedent in the Eleventh Circuit.

are admitted in a default judgment. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

The decision whether to enter a default judgment "is committed to the discretion of the district court." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). Default judgments are "generally disfavored" because this Circuit has a "strong policy of determining cases on their merits." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015). In addition to assessing whether the complaint adequately sets forth facts to support the plaintiff's claims, a court considering the entry of a valid default judgment must "have subject-matter jurisdiction over the claims and have personal jurisdiction over the defendant." *Osborn v. Whites & Assocs. Inc.*, No. 1:20-cv-02528, 2021 WL 3493164, at *2 (N.D. Ga. May 20, 2021) (citing *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1215 & n.13 (11th Cir. 2009)).

A court may conduct a hearing on a motion for default judgment when, in order "to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2); *see also Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (noting that Rule 55(b)(2) "leaves the decision to hold an evidentiary hearing to the court's discretion").

### III.    Analysis

"[B]efore entering a default judgment, the Court must ensure that it has jurisdiction over the claims and there must be a sufficient basis in the pleadings for the judgment entered." *Tissone v. Osco Food Servs., LLC*, No. 19-CV-61358, 2021 WL 1529915, at *2 (S.D. Fla. Feb. 10, 2021), *report and recommendation adopted*, No. 19-61358-CIV, 2021 WL 870526 (S.D. Fla. Mar. 9, 2021) (citing *Nishimatsu*, 515 F.2d at 1206).

### a.    Subject Matter Jurisdiction

The Amended Complaint [ECF No. 23], alleges causes of action under the Lanham Act. Therefore, the Court has original subject-matter jurisdiction over the instant action. *See Ethos Grp., Inc. v. JAB Media, LLC*, No. 3:22-CV-485-TJC-LLL, 2023 WL 4187097, at *2 (M.D. Fla. May 25, 2023), *report and recommendation adopted*, No. 3:22-CV-485-TJC-LLL, 2023 WL 4181070 (M.D. Fla. June 26, 2023) ("Because this action arises under the Lanham Act, the Court has original subject-matter jurisdiction." (record citation omitted)).

The Court also has supplemental jurisdiction over Plaintiffs' common law claims because they "are so related to" Plaintiffs' federal law claims "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Therefore, the Court has subject-matter jurisdiction over the instant action.

**b.      Personal Jurisdiction**

In addition to having subject-matter jurisdiction, a court must also have personal jurisdiction over a defendant. "A judgment rendered in the absence of personal jurisdiction is void and without legal effect." *Strange v. Nescio*, No. 20-80947-CV, 2021 WL 8945480, at *1 (S.D. Fla. Mar. 29, 2021) (citing *Juris v. Inamed Corp.*, 685 F.3d 1294, 1335 (11th Cir. 2012)). For this reason, "when deciding a motion for default judgment, a court has an affirmative duty to evaluate whether it has personal jurisdiction over the defendant and may raise the issue *sua sponte*." *Id.*

"The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process. Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicableslaw. Service of process is simply the physical means by which that jurisdiction is asserted." *Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 855 (11th Cir. 2010) (citation omitted).

**1.    Service of Process**

Service of process is a jurisdictional requirement. "Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). "[W]ithout proper service of process, the district court ha[s] no power to enter a default judgment

7

against the [defendant]." *Albert v. Discover Bank*, No. 21-12011, 2022 WL 1184405, at *1 (11th Cir. Apr. 21, 2022).

As noted above, Plaintiffs filed a motion seeking authorization for service of process through alternate means (which the Court granted). [ECF Nos. 7; 12].  Plaintiffs filed a proof of service indicating that Defendants were served via e-mail or registrar and via website posting with copies of the Complaint, the civil cover sheet, the Summonses, the Amended Complaint, the *Ex Parte* Motion for Order Authorizing Alternative Service of Process on Defendants, the Declaration of Virgilio Gigante in Support of *Ex Parte* Motion for Order Authorizing Alternative Service of Process on Defendants, and the Order granting alternative service of process. [ECF Nos. 31; 31-1; 31-2; 31-3].

Because Plaintiffs complied with the Court's Order [ECF No. 12] authorizing alternative service of process over Defendants, Plaintiffs have effectuated service of process on Defendants in the instant case. *See Leading Edge Mktg. Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-23480-CIV, 2022 WL 16756952, at *2 (S.D. Fla. Nov. 7, 2022), *report and recommendation adopted*, No. 21-23480-CIV, 2022 WL 17144227 (S.D. Fla. Nov. 22, 2022) (finding defendants have been "properly served . . .with the [c]omplaint and summonses via email and Internet publication, consistent with the Court's [o]rder [a]uthorizing [a]lternate [s]ervice"); *Ain Jeem, Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No.

8

8:21-CV-1261-VMC-JSS, 2022 WL 2306858, at *2 (M.D. Fla. Jan. 27, 2022), *report and recommendation adopted sub nom. Ain Jeem, Inc. v. Individuals*, No. 8:21-CV-1261-VMC-JSS, 2022 WL 2306874 (M.D. Fla. Feb. 15, 2022) (finding that "[the] [p]laintiff [had] properly effected service on [the] [d]efendants pursuant to Federal Rule of Civil Procedure 4(f)(3)" by complying with the court's order authorizing alternate service of process).

### 2. Amenability to Jurisdiction

The Amended Complaint alleges that:

> Defendants operate through domain names registered with registrars in multiple countries, including the United States, and are comprised of individuals, business entities of unknown makeup, or unincorporated associations each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions, redistribute products from the same or similar sources in those locations, and/or ship their goods from the same or similar sources in those locations to consumers as well as shipping and fulfillment centers within the United States.

[ECF No. 23, ¶ 10].

"The plaintiff has the burden of establishing a *prima facie case* of personal jurisdiction over a nonresident defendant." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002). "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009); *see also Warner Bros. Ent. Inc. v. Phillips*, No. 6:14-CV-1294-ORL-37, 2015 WL 4590519, at *3 (M.D. Fla. July 28, 2015) ("Even in the

default judgment context, as a threshold matter, the plaintiff bears the burden of pleading sufficient facts to make out a *prima facie* case of personal jurisdiction over non-resident defendants.").

In *Leading Edge Mktg., Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, this Court determined that it had "personal jurisdiction over the [d]efendants" because they had been served in accordance with the "Court's order authorizing alternative service" and:

> [the] [d]efendants directly target[ed] their business activities toward consumers in the United States, including Florida, and . . . [were] reaching out to do business with Florida residents by operating one or more commercial, interactive internet stores on internet marketplaces where Florida residents [could] purchase products bearing infringing and/or counterfeit trademarks belonging to the [p]laintiff.

No. 23-CV-21333, 2023 WL 3392684, at *2 (S.D. Fla. May 10, 2023).

Similarly here, the Amended Complaint alleges that:

2.     Defendants are subject to personal jurisdiction in this [D]istrict, because they operate commercial websites accessible in this **[D]istrict, conduct business by registering and maintaining the Subject Domain Names within the United States, and direct business activities towards consumers throughout the United States, including within the State of Florida and this district** through at least their fully interactive commercial Internet websites accessible and doing business in Florida and operating under the Subject Domain Names.

***

30.     **Defendants are concurrently conducting and targeting their counterfeiting and infringing activities toward consumers and likely causing unified harm within this [D]istrict** and elsewhere throughout

the United States. As a result, Defendants are defrauding Plaintiffs and
the consuming public for Defendants' own benefit.

[ECF No. 23, ¶¶ 2, 30 (emphasis added)].

Because "a defaulted defendant is deemed to have admitted the movant's well-pleaded allegations of fact,"[3] these established facts provide a basis for this Court's personal jurisdiction over Defendants. *See TWOWS, LLC v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 8:23-CV-00139-WFJ-MRM, 2023 WL 2837693, at *2 (M.D. Fla. Apr. 7, 2023) ("[The] [p]laintiff has demonstrated a *prima facie* showing that this Court has specific personal jurisdiction over the [d]efendants. [The] [d]efendants, alleged to be residing or operating in outside the United States, and are alleged to have committed a tortious act within the state of Florida in satisfaction of Fla. Stat. § 48.193(1)(b).").[4]

---

[3]     *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014).

[4]     *See also, Lead Creation Inc. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 8:23-CV-49-CEH-CPT, 2023 WL 1993971, at *2 (M.D. Fla. Feb. 14, 2023) ("[The] [p]laintiff has demonstrated a *prima facie* showing that this Court has personal jurisdiction over the [d]efendants, who are alleged to be residing or operating in the People's Republic of China, because the [d]efendants directly target their business activities toward consumers in the United States, including Florida. Specifically, [the] [p]laintiff has provided a basis to conclude that [the] [d]efendants have targeted sales to Florida residents by setting up and operating e-commerce stores that target United States consumers using one or more [s]eller [a]liases, offer shipping to the United States, including Florida, accept payment in U.S. dollars and have sold the same product that infringes directly and/or indirectly [the] [p]laintiff's patent-in-suit to residents of Florida.").

In sum, Plaintiffs have demonstrated that this Court has both subject-matter and personal jurisdiction over Defendants.

### c.     Liability

As noted above, the Amended Complaint alleges trademark counterfeiting and infringement (Count I) and false designation of origin (Count II), pursuant to sections 32 and 43 of the Lanham Act, respectively. [ECF No. 23]. It also alleges claims for common law unfair competition (Count III) and trademark infringement (Count IV). *Id.*

"[T]he elements of a claim for trademark infringement occur[ ] when a person 'use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark' which 'is likely to cause confusion, or to cause mistake, or to deceive.'" *Chanel, Inc. v. Reznik*, No. 07-60493-CIV, 2007 WL 9710719, at *2 (S.D. Fla. Nov. 21, 2007) (quoting *Frehling Enters. v. Int'l Select Grp., Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999)). Thus, to prevail on Count I, Plaintiffs must show "(1) that [the] mark has priority and (2) that [ ] [D]efendant['s] mark is likely to cause consumer confusion." *Id.*

Plaintiffs have sufficiently alleged and established each of these elements: (1) Plaintiffs' ownership of the adidas Marks preceded Defendants' infringement; (2) Defendants are selling, offering for sale, and marketing products using the adidas Marks without Plaintiffs' consent or authorization; and (3) the marks used in connection with the products Defendants are selling, offering for sale, and marketing are so similar to Plaintiffs' adidas Marks that they are likely to cause consumer confusion. [ECF No. 23,

¶¶ 17, 18, 24, 26–32, 42, 43]. Accordingly, Plaintiffs are entitled to a default judgment on their Lanham Act trademark counterfeiting and infringement claim (Count I).

"The elements of a claim for false designation of origin are: '(1) that the plaintiff had enforceable trademark rights in the mark or name[ ] and (2) that the defendant made unauthorized use of it such that consumers were likely to confuse the two.'" *Volkswagen Grp. of Am., Inc. v. Varona*, No. 19-24838-CIV, 2021 WL 247872, at *11 (S.D. Fla. Jan. 25, 2021) (quoting *Tracfone Wireless, Inc. v. Simply Wireless, Inc.*, 229 F. Supp. 3d 1284, 1299 (S.D. Fla. 2017)).

The test for liability for false designation of origin is the same as for trademark infringement and counterfeiting, whether the public is likely to be deceived or confused by the similarity of the subject marks. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780 (1992). As already noted, Plaintiffs' well-pled allegations establish their ownership of the adidas Marks and there is a likelihood of consumer confusion due to Defendants' use of those Marks. [ECF No. 23, ¶¶ 10–14, 16, 26–34, 41–43, 48–52, 56–58, and 61–64]. Thus, Plaintiffs are entitled to a default judgment on their Lanham Act false designation of origin claim (Count II).

Plaintiffs have also alleged common law causes of action for unfair competition (Count III) and trademark infringement (Count IV). "[T]he Florida common law trademark infringement and unfair competition analysis is essentially the same as the federal trademark infringement analysis." *Colonial Van Lines, Inc. v. Colonial Moving &*

*Storage, LLC*, No. 20-CIV-61255-RAR, 2020 WL 6700449, at \*2 (S.D. Fla. Oct. 20, 2020) (citing *Marine v. Black Fin Yacht Corp.*, No. 8:15-CV-1210-T-27AEP, 2016 WL 5106948, at \*5 (M.D. Fla. Sept. 20, 2016)). Because Plaintiffs have shown they are entitled to a default judgment in their favor on their federal trademark infringement claim, they are also entitled to a default judgment in their favor on their common law trademark infringement and unfair competition claims.

Here, the well-pled allegations in the Amended Complaint [ECF No. 23], deemed admitted by virtue of Defendants' default,[5] establish Defendants' liability for each of the claims asserted. Moreover, the Amended Complaint's factual allegations have been substantiated by the sworn declarations of Amanda Luz, Plaintiffs' Legal Counsel for Brand Protection in North America, and Virgilio Gigante, Plaintiffs' counsel of record. [ECF Nos. 6-1; 6-2]. Therefore, Plaintiffs have shown that Defendants are liable for trademark infringement and counterfeiting under section 32 of the Lanham Act, false designation of origin under section 43 of the Lanham Act, common law unfair competition, and common law trademark infringement.

### d.   Injunctive Relief

Plaintiffs seek the issuance of a permanent injunction. [ECF No. 46, pp. 9–14]. The Lanham Act authorizes the Court to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation

---

[5]    *Perez*, 774 F.3d at 1339.

14

of any right of the registrant of a mark registered in the Patent and Trademark Office[.]" 15 U.S.C. § 1116(a). Generally, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509–10 (S.D. Fla. 1995) (citation omitted). Moreover, injunctive relief is available even in the default judgment setting[ ] because [the] [d]efendants' failure to respond or otherwise appear makes it difficult for a plaintiff to prevent further infringement absent an injunction." *Animacord Ltd. v. Individuals, P'ships & Unincorporated Assocs. Identified on Schedule "A"*, No. 21-CV-20744, 2022 WL 1109849, at *4 (S.D. Fla. Mar. 24, 2022), *report and recommendation adopted sub nom. Animaccord Ltd. v. Individuals, Partnerships, or Unincorporated Associations Identified on Schedule A*, No. 21-20744-CIV, 2022 WL 1102865 (S.D. Fla. Apr. 13, 2022) (internal citation omitted).

To obtain a permanent injunction, Plaintiffs must show: (1) irreparable injury; (2) an inadequate remedy at law; (3) that the balance of hardships weigh in favor of issuing an injunction; and (4) the issuance of an injunction would not disserve the public interest. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837, 1839, 164 L. Ed. 2d 641 (2006).

All four factors are met here. Plaintiffs have shown that Defendants are "promoting, advertising, distributing, offering for sale, and/or selling goods" using Plaintiffs' adidas Marks "through at least the fully interactive commercial Internet

websites operating under the Subject Domain Names." [ECF No. 23, ¶ 26]. Therefore, consumers will continue to be confused by Defendants' unauthorized use of Plaintiffs' Marks.

Additionally, so long as Defendants continue their infringing and counterfeiting activities, Plaintiffs lose their ability to control their Marks and will continue to suffer irreparable harm to their reputation and goodwill. *See Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir. 1995) ("There is no doubt that the continued sale of thousands of pairs of counterfeit jeans would damage LS & CO's business reputation and decrease its legitimate sales."); *Ferrellgas Partners, L.P. v. Barrow*, 143 F. App'x 180, 190 (11th Cir. 2005) (noting that "[g]rounds for irreparable injury include loss of control of reputation, loss of trade, and loss of goodwill. Irreparable injury can also be based upon the possibility of confusion." (citation omitted)).

Plaintiffs have also shown no adequate remedy at law because monetary damages alone will not redress the harm to Plaintiffs from Defendants' infringement. *See Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1290 (S.D. Fla. 2016) ("[The] [p]laintiff has no adequate remedy at law so long as [the] [d]efendants continue to operate the [s]ubject [d]omain [n]ames and [s]eller IDs because [the] [p]laintiff cannot control the quality of what appears to be its products in the marketplace. An award of money damages alone will not cure the injury to [the] [p]laintiff's reputation and

goodwill that will result if [the] [d]efendants' infringing and counterfeiting actions are allowed to continue." (record citation omitted)).

The balance of harms also weighs in favor of issuing a permanent injunction. Plaintiffs' injury without an injunction outweighs the impact an injunction would have on Defendants. *See Chanel, Inc. v. Replicachanelbag*, 362 F. Supp. 3d 1256, 1264 (S.D. Fla. 2019) (finding that the balance of harms favored the issuance of a permanent injunction where "[the] [p]laintiff face[d] hardship from loss of sales and its inability to control its reputation in the marketplace," whereas "[the] [d]efendants face[d] no hardship if they [were] prohibited from the infringement of [the] [p]laintiff's trademarks, which is an illegal act").

Lastly, the public interest will not be disserved if the Court were to enjoin Defendants. "[T]he public interest is served by preventing consumer confusion in the marketplace." *Davidoff & CIE, S.A. v. PLD Int'l Corp.*, 263 F.3d 1297, 1304 (11th Cir. 2001) (citing *SunAmerica Corp. v. Sun Life Assurance Co. of Canada*, 77 F.3d 1325, 1334 (11th Cir. 1996));[6] *Mantua Mfg. Co. v. Irize Mattress, Inc.*, No. 20-25036-CIV, 2021 WL 3375837, at *5 (S.D. Fla. Feb. 24, 2021) ("The public interest is served by the entry of a permanent injunction in that further confusion and mistake by the public will be prevented.").

---

[6]     Although *Davidoff & CIE, S.A.* concerned the entry of a *preliminary* injunction and the instant motion seeks the issuance of a *permanent* injunction, "[t]he standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success." *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 546 n.12 (1987).

In sum, Plaintiffs have shown entitlement to permanent injunctive relief. Therefore, the Undersigned **respectfully recommends** that the District Court enter permanent injunctive relief consistent with the terms listed in paragraphs 1(a)–(j) and 2(a)–(f) of Plaintiffs' proposed default final judgment and permanent injunction [ECF No. 46-3, pp. 1–4].

## IV.   Conclusion

For the reasons stated above, the Court should **grant** Plaintiffs' motion [ECF No. 46], and **issue** a permanent injunction against Defendants.

Plaintiffs will provide a copy of this Report and Recommendations to Defendants in the same manner in which the Court authorized alternate service of process on Defendants. [ECF No. 12]. Plaintiffs will file a notice of compliance on CM/ECF by no later than **Monday, July 28, 2025.**

## V.   Objections

The parties will have three (3) days[7] from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with Judge Williams. Each party may file a response to the other party's objection within three (3) days of the objection. Failure to file objection timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall

---

[7]     The Undersigned is shortening the deadline because Defendants have not participated in this action, and it seems unlikely that Plaintiffs will object to the recommended relief.

bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on July 25, 2025.

Jonathan Goodman
CHIEF UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Kathleen M. Williams
All Counsel of Record